UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 7:19-cr-01401-2 |
| | § | |
| SAUL DE LA GARZA | § | |

## OPINION AND ORDER

The Court now considers Movant Saul de la Garza's "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (*Pro Se* Prisoner)"[1] and his handwritten brief in support of his motion.[2] Movant requests "a reduction in sentence (compassionate release)" and for the Court to appoint him counsel.[3] Under the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i), "[a] court, on a motion by the BOP [Federal Bureau of Prisons] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'"[4]

### I. LEGAL STANDARDS

#### a. Appointment of Counsel

Prisoners have no right to counsel in post-conviction proceedings,[5] including for post-sentencing motions requesting modification of the sentence imposed.[6] However, "[a]lthough a

---

[1] Dkt. No. 66.
[2] Dkt. No. 67.
[3] Dkt. No. 66 at 6, §§ V–VI.
[4] *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).
[5] *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012) ("[T]here is no constitutional entitlement to appointed counsel in postconviction relief proceedings . . . .").
[6] *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (reaffirming *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995)); *see United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam) ("There is no right to appointed counsel in a[n 18 U.S.C.] § 3582(c)(2) proceeding.").

[movant] in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice."[7] Generally, the Court should appoint counsel in the interest of justice when the issue to be decided is significant, complex, or exceptional, or when the movant is demonstrably severely hampered in presenting the movant's argument or investigating relevant facts.[8] When the movant's motion does "not involve complicated or unresolved issues," the interests of justice are unlikely to require appointment of counsel.[9] "[T]he single issue of . . . entitlement to sentence reduction" is unlikely to be legally complex or call for appointment of counsel in the interest of justice,[10] especially when the movant appears capable of adequately presenting their argument.[11]

### b. Timing and Exhaustion of Administrative Remedies

While the First Step Act authorizes a reduction in sentence—commonly referred to as compassionate release—Movant must first "fully exhaust[t] all administrative rights to appeal a failure of the Bureau of Prisons" to bring a motion for compassionate release on Movant's behalf, or 30 days must have lapsed since the warden of Movant's facility received Movant's administrative request, whichever is earlier.[12] Movant can satisfy the exhaustion requirement in

---

[7] *United States v. Rodriguez*, No. 2:10-CR-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (Jack, J.) (citing *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008) (appointing counsel in the interest of justice)).
[8] *See United States v. Molina-Flores*, No. 3:16-CR-130-N (19), 2018 WL 10050316, at *2 (N.D. Tex. Feb. 13, 2018) (collecting cases).
[9] *United States v. Willard*, 481 F. App'x 915, 917 (5th Cir. 2012); *accord United States v. Lewis*, 400 F. App'x 899, 900 (5th Cir. 2010) (per curiam).
[10] *See Rodriguez*, 2015 WL 13664966, at *2; *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007), *cited in United States v. Rodriguez*, 695 F. App'x 82, 83 (5th Cir. 2017) (per curiam); *United States v. Drayton*, No. CR 10-20018-01-KHV, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("[A] claim for compassionate release is not particularly complex factually or legally.").
[11] *See United States v. Wilfred*, No. CR 07-351, 2020 WL 4698993, at *1 (E.D. La. Aug. 13, 2020) (citing *United States v. Delco*, No. 09-57, 2020 WL 4569670, at *2–3 (E.D. La. Aug. 7, 2020) & *United States v. Hames*, No. 09-39, 2020 WL 3415009, at *1 (E.D. Tex. June 19, 2020)).
[12] 18 U.S.C. § 3582(c)(1)(A) (emphasis added); *see United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *2 (D. Neb. May 26, 2020) (Gerrard, C.J.) ("Nothing about the 30-day 'escape hatch' suggests it's contingent on action or inaction by the warden. [The purpose of the statute is] is to prevent prisoners from being effectively denied their right to go to court by administrative delay. It wouldn't make sense to conclude that a prisoner can go to court within 30 days if the delay is the warden's, but the prisoner is interminably stuck if the warden makes a timely decision but the BOP's Regional Director or General Counsel don't."); *United States v. Brown*, 457 F. Supp. 3d 691,

one of two ways: (1) availing of the Administrative Remedy Program,[13] or (2) submitting a compassionate release request to the warden,[14] in accordance with the requirements under those respective programs and regulations.[15] "Courts have recognized these two options impose a mandatory requirement that a defendant submit a request to the warden of [the] facility before filing in court."[16] Furthermore, "[t]he statute is clear that the 30 day clock starts when the Warden receives the letter, not when the inmate sends it."[17] The exhaustion requirement is "mandatory" and that "[t]hose who seek a motion for compassionate relief under the First Step Act must first file a request with the BOP" and cannot obtain relief without doing so.[18] This exhaustion requirement applies to new arguments or grounds for compassionate release developed after an earlier request for compassionate release.[19] If Movant does not exhaust the administrative process, the Court cannot grant relief.[20] For reasons evidenced below, the Court addresses only these issues.

---

698 (S.D. Iowa 2020) (holding that an inmate "satisfied the exhaustion requirement's text and purpose" because "[h]e gave the BOP the first chance to review his circumstances and let thirty days pass before proceeding to court"); Government's Supplemental Response to Defendant's Motion for Compassionate Release at 2, *United States v. Woodson* (S.D. Fla. June 5, 2020) (No. 1:13-cr-20180-CMA), Dkt. No. 402 ("[T]he official position of the Department of Justice as well as the Bureau of Prisons [is that] a defendant can file a motion for compassionate release in district court 30 days after requesting relief from the Warden, even if the Warden denies the relief within 30 days."). *But see United States v. Lombardo*, No. 3:15-CR-286, 2020 WL 4448062, at *5 (M.D. Pa. Aug. 3, 2020) (collecting cases disagreeing with this interpretation).
[13] *See* 28 C.F.R. §§ 542.10–.19
[14] *See* 28 C.F.R. § 571.61.
[15] *See* FED. BUREAU OF PRISONS, COMPASSIONATE RELEASE/REDUCTION IN SENTENCE: PROCEDURES FOR IMPLEMENTATION OF 18 U.S.C. §§ 3582 AND 4205(g), document no. 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf.
[16] *United States v. Crinel*, No. CR 15-61, 2020 WL 955054, at *4 (E.D. La. Feb. 27, 2020) (quotation omitted).
[17] *United States v. Miller*, No. 2:16-CR-00269-BLW, 2020 WL 2202437, at *1, 2020 U.S. Dist. LEXIS 80817, at *3 (D. Idaho May 6, 2020).
[18] *United States v. Franco*, 973 F.3d 465, 468–69 (5th Cir.), *cert. denied,* No. 20-5997, 141 S. Ct. 920 (2020) (mem.); *see United States v. Edwards*, 456 F. Supp. 3d 953, 963, 966 (M.D. Tenn. 2020) (collecting cases rejecting the proposition that the administrative exhaustion requirement can be waived); *United States v. Britton*, 473 F. Supp. 3d 14, 21–22 (D.N.H. 2020) (holding the exhaustion requirement is not subject to equitable or exigent exceptions).
[19] *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020).
[20] *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); *United States v. Orellana*, No. 4:17-cr-0220, 2020 WL 1853797, at *1

## II. ANALYSIS

The Court first turns to Movant's request for appointment of counsel.[21] Although Movant marked a box indicating he requests counsel,[22] Movant's accompanying brief does not elaborate upon his request or need for appointed counsel.[23] The Court finds that Movant's brief and exhibits are sufficiently thorough and do not indicate the need for appointed counsel.[24] Accordingly, the Court **DENIES** Movant's request for appointment of counsel.

The Court next turns to the mandatory administrative exhaustion requirement. Movant explains that he:

> submitted a "copout" request in March of 2021, but unit manager, Ms. Aleman, told Petitioner he needed to make some corrections to his request and resubmit the request with documentation of Petitioner's father's surgery, etc. Petitioner submitted a second copout (with the corrections and additional information) to his Case Manager. Over thirty (30) days have passed and no response has been provided. (See Exhibit "A").

The referenced Exhibit A is a short "TRULINCS" inmate electronic mail message dated May 24, 2021.[25] The message is designated "To: josnson case manager [sic]" with a "Request to Staff" subject line.[26] The e-mail message appears to transmit "corrections" to Movant's earlier "cop out" request.[27] However, no attachment, corrections, or "cop out" request is included in Exhibit A. The compassionate release statute unambiguously requires Movant to submit his compassionate release request to "the warden of the defendant's facility," not to a case manager or other staff.[28] The Court does not find from the TRULINCS electronic mail message alone that

---

(S.D. Tex. Apr. 10, 2020) (Ellison, J.) ("Because Defendant has not attempted to exhaust his administrative rights, the Court is unable to grant compassionate release.").
[21] Dkt. No. 66 at 6, § V.
[22] *Id.*
[23] *See* Dkt. No. 67.
[24] *See supra* notes 9–11.
[25] Dkt. No. 66-3.
[26] *Id.* at 1.
[27] *See id.*
[28] 18 U.S.C. § 3582(c)(1)(A).

Movant has adequately attempted to exhaust the administrative requirements under 18 U.S.C. § 3582(c)(1)(A). The Court holds that it cannot grant relief at this time.[29] Movant's request for compassionate release[30] is therefore **DENIED** without prejudice.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 30th day of June 2021.

                                                Micaela Alvarez
                                        United States District Judge

---

[29] *See supra* notes 12–20.
[30] Dkt. Nos. 66–67.